Filed 12/24/14  P. v. Morales CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B255300 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA131455) |
| v. | |
| MANUEL M. MORALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Raul A. Sahagun, Judge.  Affirmed in part, reversed in part and remanded with directions.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Manuel M. Morales appeals from his conviction on one count of transporting heroin. He contends, and respondent concedes, that the trial court erred by not instructing the jury that it had to find Morales transported the drug in order to sell it. We therefore reverse the judgment and remand for resentencing on the remaining conviction for simple possession of heroin.

## FACTS AND PROCEDURAL HISTORY

In July 2013, 12 balloons containing heroin were found in Manuel M. Morales's car after he consented to a search of the car following a traffic stop by Los Angeles County sheriff's deputies. Morales was charged with one count of transporting heroin and one count of possessing the drug for sale. A jury trial began in January 2014. Morales was convicted of transporting heroin (Health & Saf. Code, § 11352, subd. (a)), acquitted of possession for sale, and convicted of the lesser included offense of simple possession. He was sentenced on the transportation charge to the midterm of four years, to be served in county jail. Sentence on the simple possession count was stayed. (Pen. Code, § 654.)

Morales contends the trial court erred by not instructing the jury that in order to find him guilty of transporting heroin it also had to find he transported the drug for sale, pursuant to a recently effective amendment to Health and Safety Code section 11352.

## DISCUSSION

Effective January 1, 2014, Health and Safety Code section 11352 was amended to add subdivision (c), which provided that a conviction for transporting drugs also requires proof that the defendant transported the drug for sale. (Stats. 2013, ch. 504, § 1.) Even though Morales did not request an instruction that included this new element of the offense, he contends his appeal is proper because the failure to give that instruction affected his substantial rights. (Pen. Code, § 1259.)

Respondent concedes that the new legislation applied to Morales because the bill did not include a savings clause. (*People v. Wright* (2006) 40 Cal.4th 81, 94-95.)

Respondent also concedes that Morales's conviction of simple possession and concomitant acquittal of the greater offense of possession for sale shows that the failure to instruct on the new element of the offense was prejudicial.  According to both parties, we must therefore reverse the judgment as to the drug transportation conviction and remand for resentencing on the remaining conviction for simple possession of heroin.  We agree.

## DISPOSITION

The judgment is reversed as to only the conviction for transporting heroin.  The matter is remanded to the trial court with directions to resentence Morales on the remaining conviction for simple possession of heroin.


                                        RUBIN, J.
WE CONCUR:


        BIGELOW, P. J.


        FLIER, J.


3